UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
RAYMOND J. CERILLI,                                          :
                                                             :
                              Plaintiff,                     :
                                                             :           RULING ON MOTION
              -against-                                      :           TO REVOKE IN FORMA
                                                             :           PAUPERIS STATUS
ANGEL QUIROS, et al.,                                        :
                                                             :           24-CV-1163 (VDO)
                              Defendants.                    :
------------------------------------------------------------ x
```

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Raymond J. Cerilli, a sentenced inmate incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* pursuant to 42 U.S.C. § 1983 against ten defendants. Plaintiff alleges that Defendants are deliberately indifferent to his various medical needs. He seeks damages and injunctive relief from Defendants in their individual capacities.

      The three-strikes rule, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff previously has had three cases dismissed under 28 U.S.C. §§ 1915 and 1915A, the Court permitted Plaintiff to proceed *in forma pauperis* in this action based on the imminent harm exception to the three-strikes rule. Defendants now move to vacate the granting of *in forma pauperis* status and ask the Court to order Plaintiff to tender the filing fee within twenty days and to dismiss the case if the fee is not paid. For the following reasons, Defendants'

motion is **denied**.

The Second Circuit discourages courts from "'mak[ing] an overly detailed inquiry into whether allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (quoting *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002)); *see also Green v. Venettozzi*, No. 14-CV-1215(BKS/CFH), 2016 WL 6902545, at *3 (N.D.N.Y. Oct. 31, 2016) (declining to "recommend revoking plaintiff's IFP status, as this matter has yet to move past the pleading stage"), *report and recommendation adopted*, 2016 WL 6902180 (N.D.N.Y. Nov. 23, 2016).

Plaintiff alleges that he suffers from lichen planus, a skin condition that had been successfully treated in the past with Halog cream. However, that cream is no longer being provided to him. He also complains that he requires a C-PAP machine to sleep. Although a doctor at UConn Health Center ordered a C-PAP machine for him, Plaintiff has not received it. Plaintiff also alleges that he suffers from blood in his urine, a lump on his right side, chronic pain, extreme eye sensitivity to light with burning and pain with sun exposure, and bleeding from everywhere on his body. *See* Doc. No. 1 at 7-8. Liberally construing the allegations, the Court considered the allegations in combination to show an imminent danger of serious physical injury if the conditions are not addressed.

In support of their motion to vacate, Defendants refer the Court to the recent decision of a state court judge in a habeas corpus action filed by Plaintiff, *Cerilli v. Commissioner of Corr.*, No. CV-23-5001426-S, 2024 WL 2719811 (Conn. Super. Ct. May 22, 2024). In that decision, the state judge summarized the testimony of two doctors, a podiatrist, and two optometrists, all but one of whom are defendants in this case. The doctors dismiss as not serious and being adequately treated, Plaintiff's claims regarding footwear, eyeglasses, the lump on Plaintiff's

abdomen, leg swelling, allergic reactions to medication, and the denial of Halog cream. Defendants ask the Court to find, based on these statements, that Plaintiff is not under an imminent threat of serious physical harm. Although the doctors addressed many of the concerns and claims Plaintiff asserts in this case, they did not address Plaintiff's claims regarding the need for a C-PAP machine to breathe while sleeping and his claims of bleeding from everywhere on his body.

In other cases where defendants sought to revoke *in forma pauperis* status based on medical issues, the courts have declined to revoke *in forma pauperis* status and, instead, converted the motion to revoke into a motion for summary judgment on the merits of the claims. *See, e.g., Tafari v. Baker*, No. 6:16-CV-06472(MAT), 2017 WL 219324, at *2-3 (W.D.N.Y. Jan. 19, 2017) (following *Green* and refraining from disturbing preliminary finding of imminent danger but converting motion to revoke to motion for summary judgment); *Williams v. Fisher*, No. 9:11-CV-379(NAM/TWD), 2013 WL 636983, at *10 (N.D.N.Y. Jan. 29, 2013) (declining to disturb preliminary finding of imminent danger where defendants challenged that finding by arguing the merits of the plaintiff's claim); *but see Liner v. Fischer*, No. 11-CV-6711(PAC), 2014 WL 5438037, at *2 (S.D.N.Y. Oct. 27, 2014) (granting motion to revoke *in forma pauperis* status where defendants submitted sworn affidavits and medical records showing plaintiff was never in imminent danger).

While Plaintiff's claims against defendants who treated him at a facility different from the one in which he now is confined would not show that Plaintiff was in imminent danger of serious physical injury at the time he filed the Complaint, and other claims concern relatively minor medical issues, he does allege that he is in constant pain, cannot breathe while sleeping,

and is bleeding from "everywhere." The cited state court decision does not address all of these concerns. Therefore, the Court declines to revoke Plaintiff's IFP status at this time.

Defendants' motion [**Doc. No. 62**] is **DENIED**. Defendants shall file their response to the Complaint within **thirty days from the date of this order**. With that response, they shall file their opposition, if any, to Plaintiff's many motions for preliminary injunctive relief: Motion for Protective Order, Doc. No. 20; Motion for Protective Order, Doc. No. 25; Second Motion for Protective Order, Doc. No. 26; Motion for Protective Order, Doc. No. 36; Motion for Order, Doc. No. 43; Motion for Preliminary Injunction, Doc. No. 55; Motion for Temporary Restraining Order, Doc. No. 56; and Motion for Protective Order, Doc. No. 70.

**SO ORDERED.**

Hartford, Connecticut
November 13, 2024

                                        /s/Vernon D. Oliver
                                       VERNON D. OLIVER
                                        United States District Judge