UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
RAYMOND J. CERILLI,                              :
                                                 :
                   Plaintiff,                    :
                                                 :       **RULING ON MOTIONS**
     -against-                                   :       **FOR TEMPORARY**
                                                 :       **RESTRAINING ORDER**
ANGEL QUIROS, et al.,                            :       **AND PRELIMINARY**
                                                 :       **INJUNCTION**
                   Defendants.                   :
------------------------------------------------------------------- x   24-CV-1163 (VDO)

**VERNON D. OLIVER**, United States District Judge:

This suit concerns alleged deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. Now before the Court are Plaintiff's motions for preliminary injunctive relief. (ECF Nos. 20, 25, 26, 36, 43, 55, 56, 70.) For the following reasons, the requests for preliminary injunctive relief are **denied**.

### I.     BACKGROUND

#### A.     Factual Background

Plaintiff Raymond J. Cerilli, a sentenced inmate incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case *pro se* pursuant to 42 U.S.C. § 1983 against ten defendants, Commissioner Angel Quiros, Dr. Richard Williams, Nurse Jane Doe, Dr. James Smith, Dr. Freston, Nurse Jane Doe, Nurse Taksha West, Grievance Coordinator Dab Cruz, Colleen Gallagher, and Dr. H. Fedus. Plaintiff alleges that Defendants are deliberately indifferent to his various medical needs in violation of the Eighth Amendment. (Compl., ECF No. 1.)

Plaintiff identifies several medical issues. He alleges that he experiences severe pain, requires a medically prescribed CPAP machine to breathe, and has a large painful lump on his

right side. (Compl. ¶¶ 4–5, 8–9.) Plaintiff allegedly bleeds "all over his body," a condition that has been successfully addressed with Halog cream. (*Id.* ¶ 9.) However, Defendants have discontinued the cream and provided a generic substitute to which Plaintiff alleges he is allergic, and which does not work. (*Id.*) Plaintiff also alleges that he is denied proper footwear and his prescription eyeglasses. (*Id.* ¶¶ 9–10.)

### B. Procedural Background

#### 1. Habeas Action[1]

Plaintiff previously filed an emergency habus corpus petition in state court, which resulted in a trial. (*Id.* ¶ 7; *id.* at 8.) In March 2023, Plaintiff initiated a habeas action in the Superior Court for the Judicial District of Tolland. See *Cerilli v. Comm'r of Correction*, No. TSR-CV23-5001426-S (Conn. Super. Ct.) (hereinafter, the "Habeas Action"). In that petition, Plaintiff alleged that his Department of Correction ("DOC") medical providers had been deliberately indifferent to his serious medical needs. (Habeas Action at Doc. No. 100.30; ECF No. 95-2, at 5.) On September 8, 2023, Plaintiff filed an amended petition for a writ of habeas corpus. (Habeas Action at Doc. No. 114.00; ECF No. 95-3.)

On April 4, 2024, the state court held an evidentiary trial. (Habeas Action at Doc. No. 197.00.) Following the trial, on May 22, 2024, the state court issued a memorandum of decision denying Plaintiff's petition for a writ of habeas corpus, finding that "it is clear from the evidence

---

[1] The Court may take judicial notice of actions and proceedings in other courts to establish the fact of such litigation and related filings. *Massie v. Wells Fargo Bank, N.A.*, No. 23-CV-1548 (VDO), 2024 WL 2314979, at *1 (D. Conn. May 22, 2024) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

that DOC has provided medical care in keeping with the eighth amendment, and the petitioner has failed to prove that DOC acted with deliberate indifference to his medical issues." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 8.) On that date, the state court entered judgment denying the petition for a writ of habeas corpus. (Habeas Action at Doc. No. 204.00; ECF No. 95-6, at 8.)

### 1. Instant Action

On July 8, 2024, Plaintiff filed the Complaint in this action. (ECF No. 1.) Also in July 2024, Plaintiff filed three motions for preliminary injunctive relief. (ECF Nos. 20, 25–26.) On August 13, 2024, the Court issued an initial review order pursuant to 28 U.S.C. § 1915A, dismissing the claims against Quiros, Cruz, Gallagher, and West as well as the claims for injunctive relief against all defendants in their individual capacities. (ECF No. 27, at 10.) The Court noted that the case will "proceed against Defendants Williams, the nurses Doe, Smith, Freston, and Fedus in their individual capacities on Plaintiff's claims for damages and against Defendants Freston, Smith, and Fedus in their official capacities on his requests for injunctive relief." (*Id.*)

Plaintiff has since filed multiple requests for injunctive relief. (ECF Nos. 36, 43, 55–56, 70.) Defendants moved to revoke Plaintiff's *in forma pauperis* status, which the Court denied on November 13, 2024. (ECF Nos. 62, 86.) In that order, the Court directed Defendants to file their opposition to Plaintiff's motions for preliminary injunctive relief and to file their response to the Complaint. (ECF No. 86, at 4.)

On December 13, 2024, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and an objection to Plaintiff's motions for preliminary injunctive relief. (ECF Nos. 95–96.)

## II. LEGAL STANDARD

"The authority to issue an injunction is an extraordinary and powerful one that is to be used sparingly and cautiously and only in a clear and plain case." *Reynolds v. Giuliani*, 506 F.3d 183, 198 (2d Cir. 2007) (citation and quotation marks omitted). A "district court should approach issuance of injunctive orders with the usual caution" when the claims relate to prison conditions. *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994). As to preliminary injunctive relief, a court is empowered by Federal Rule of Civil Procedure 65 with broad equitable discretion to impose either a temporary restraining order or a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction[.]" *Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992). "'District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" *Riddick v. Maurer*, 730 F. App'x 34, 37 (2d Cir. 2018) (quoting *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005)).

Moreover, Second Circuit "precedents draw a distinction between mandatory injunctions, which alter the status quo, and prohibitory injunctions, which maintain it." *Williamson v. Maciol*, 839 F. App'x 633, 635 (2d Cir. 2021). "[W]here the movant is seeking to modify the status quo by virtue of a mandatory preliminary injunction (as opposed to seeking

4

a prohibitory preliminary injunction to maintain the status quo), . . . the movant must also: (1) make a strong showing of irreparable harm, and (2) demonstrate a clear or substantial likelihood of success on the merits." *Yang v. Kosinski*, 960 F.3d 119, 127–28 (2d Cir. 2020) (cleaned up). "[T]he status quo for the purpose of determining whether an injunction is mandatory or prohibitory is 'the last actual, peaceable uncontested status which preceded the pending controversy.'" *Williamson*, 839 F. App'x at 635 (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 36–37 (2018)).

### III.  DISCUSSION

Under a liberal construction of Plaintiff's filings, it appears that Plaintiff seeks a mandatory injunction ordering Defendants and non-party medical professionals to perform certain actions, including the following Requests:

1. Provide Plaintiff with a CPAP machine to treat his breathing problems (ECF No. 20, at 1, 4; ECF No. 26, at 1);

2. Provide Plaintiff with Halog cream to treat his bleeding skin (ECF No. 20, at 1; ECF No. 25, at 1; ECF No. 36, at 4);

3. Provide Plaintiff with OxyContin or oxycodone to treat his pain (ECF No. 20, at 1; ECF No. 55, at 2);

4. Provide Plaintiff with an MRI scan for his right-side injury (ECF No. 20, at 3; ECF No. 26, at 2; ECF No. 55, at 2);

5. Address Plaintiff's fear of gang members, denial of access to his legal work, denial of requests for medical appointments, and complaint that he had been placed in restrictive housing (*See generally* ECF No. 36);

6. Address Plaintiff's placement in administrative detention and inability to call his sister (ECF No. 43, at 2);

7. Address non-parties' threats to take away Plaintiff's oxycodone and providing him with fake drugs (ECF No. 55, at 1);

8. Address non-parties' threats to give Plaintiff experimental drugs (ECF No. 56, at 2); and

      9.      Provide Plaintiff with a transfer from a "gang block" (ECF No. 70, at 1.)

After careful consideration of the record, the Court finds that this matter is appropriate for a decision without a hearing because the "disputed facts are amenable to complete resolution on a paper record." *Charlette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d. Cir. 1998). As discussed below, the Court finds that Plaintiff fails to establish that preliminary injunctive relief is warranted.

    **A.**    **Preliminary Matters**

        **1.**    **Mootness**

As an initial matter, Plaintiff's requests for the Court to order Defendants to provide Plaintiff with a CPAP machine and oxycodone are moot. Plaintiff's medical records show that, following the commencement of this action, in October 2024, Plaintiff was provided with a CPAP machine. (Freston Decl., ECF No. 96-1, at 5 ¶ 11.) Additionally, Plaintiff has an active prescription for oxycodone at a dosage level based on his complaint history and medically indicated needs. (*Id.* at 4 ¶ 8.) Therefore, the Court denies as moot the request for injunctive relief at Request 1 and Request 3 as it relates to the CPAP machine and oxycodone.

        **2.**    **Jurisdiction**

As another preliminary matter, regarding Requests 7 and 8, Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. For example, Plaintiff complains that a medical provider had recently threatened to take his oxycodone away and that Plaintiff wants to "get this woman away from [him.]" (ECF No. 55, at 2.) And Plaintiff asks the Court to order non-party medical providers, such as Dr. DeForest, to stop taking away his pain medication and to stop providing him with fake and experimental drugs (ECF Nos. 55–56.) But because the Court does not have jurisdiction over individuals who are not parties to

this action, the Court cannot enjoin their actions and denies the requests for injunctive relief at Requests 7 and 8. *Tobin v. Doe*, No. 04-CV-952 (SRU), 2006 WL 680507, at *3 (D. Conn. Mar. 15, 2006) (collecting cases). The Court thus proceeds to analyze the merits of Plaintiff's remaining requests for injunctive relief.

### B. Merits

#### 1. Irreparable Harm

First, because an "*alleged* violation of a constitutional right … triggers a finding of irreparable harm[,]" *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (emphasis in original), the Court finds that, under a liberal construction of Plaintiff's filings to raise the strongest arguments in his favor, Plaintiff has shown that there is a risk of irreparable harm in the absence of injunctive relief by alleging that Defendants were deliberately indifferent to his serious medical needs.

#### 2. Likelihood of Success on the Merits

The Court next considers whether Plaintiff has shown that he is likely to succeed on the merits. As discussed below, the Court finds that Plaintiff fails to show any likelihood, let alone a clear or substantial likelihood, of success on the merits of his claims.

As a preliminary matter—regarding Requests 5, 6, and 9—Plaintiff cannot show that he has any likelihood of success on claims unrelated to the conduct alleged in the Complaint. "Given the requirement for an award of preliminary injunctive relief that a plaintiff must demonstrate a likelihood of success on the merits of his claims, it follows that a request for preliminary injunctive relief must relate to those claims." *Diaz v. Hanna*, No. 20-CV-1050 (VAB), 2020 WL 6453936, at *8 (D. Conn. Nov. 3, 2020) (collecting cases). In his requests for injunctive relief, Plaintiff includes complaints about inmates who were robbing his cell, DOC

officials who were interfering with Plaintiff's attempts to contact his sister, the denial of access to his legal work, and his placement in restrictive housing and administrative detention. (ECF Nos. 26, 36, 43.) Plaintiff also asks the Court to get him out of prison as he is in danger due to being housed in a "gang block." (ECF No. 70.) But the requests for preliminary injunctive relief here bear no resemblance to the alleged unlawful conduct in the Complaint, which includes the failure to provide Plaintiff with a CPAP machine, Halog cream, proper footwear, prescription eyeglasses, and the failure to treat Plaintiff's lump and bleeding. (Compl. ¶¶ 4–5, 8–9). The relief that Plaintiff requests in his Complaint includes an MRI, oxycodone, a walker, and an examination of the right side of his body. (Compl. at 8.) Therefore, because Plaintiff has not shown any likelihood of success on the claims unrelated to his alleged medical conditions, the Court denies the requests for injunctive relief at Requests 5, 6, and 9.

As to the remaining claims—Requests 2, 3, and 4—based on the record before the Court, the Court concludes that Plaintiff is likely estopped from relitigating these claims as they are identical to the claims fully and fairly litigated and actually determined in his state habeas action and thus, Plaintiff fails to show any likelihood of success on the merits.

Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). Under Connecticut law, "[a]n issue decided against a party in a prior proceeding may not be relitigated if: (1) it was 'fully and fairly litigated in the first action'; (2) it was 'actually decided'; and (3) the decision was 'necessary to the judgment.'" *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (quoting *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 15 A.3d 601 (Conn. 2011)). "An issue is actually litigated if it is properly raised in the pleadings or otherwise,

submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." *Solon v. Slater*, 287 A.3d 574, 586–87 (Conn. 2023). Connecticut has "abandon[ed] the 'mutuality of parties' rule, which held that both parties in a subsequent litigation needed to be the same as, or in privity with, the parties in a prior litigation in order for collateral estoppel to apply." *Trikona Advisers Ltd.*, 846 F.3d at 34.

The record before the Court indicates that whether DOC officials were deliberately indifferent to Plaintiff's serious medical needs through the failure to provide Plaintiff with Halog cream, OxyContin (the brand version of oxycodone), and an MRI scan for his lump were actually determined in Plaintiff's state habeas action. During that trial, the state court had Plaintiff specify the grounds for which he believed he had received deficient medical care. (Habeas Action Tr., ECF No. 95-5 at 5 ("The Court: So, one of the things I wanted to also tackle before we start the trial today, Mr. Cerilli, is if you could just try to state briefly for me what your allegations are, what the counts are in your petition").) Plaintiff referenced his placement on generic medications (such as oxycodone), as well as his alleged need for (1) tinted glasses, (2) a CPAP machine, (3) Halog cream to address his bleeding, (4) special footwear, and (5) an MRI for a lump on his right side. (*Id.* at 6-10.) The state court found that, after considering testimony adduced at trial, Plaintiff's claims "that he had been given generic medications that he is allergic to, has been denied specific cream that he prefers for an on-going skin condition, has been denied medically necessary footwear, and has been denied glasses with a tint greater than 40%" were "not sufficiently serious for eighth amendment purposes." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 7.) In finding that Plaintiff failed to prove that the DOC acted with deliberate indifferent to his medical issues, the state court noted that Plaintiff's

"abdominal bulge was addressed by a doctor and was not determined to be pathological in nature," that Plaintiff was receiving steroid cream that is more potent than the Halog brand that he prefers, and that a medical provider testified that Plaintiff's medical needs "are all being adequately addressed." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 7-8.) The record therefore shows that the state court likely addressed whether the failure to provide Halog cream, OxyContin, as opposed to the generic version, and an MRI scan for his right-side lump were medical deprivations in violation of the Eighth Amendment and thus, the doctrine of collateral estoppel likely bars Plaintiff from relitigating these issues. Therefore, because collateral estoppel, encompassing the state court habeas corpus decision, prevents Plaintiff from showing any likelihood of success on the claims related to his alleged medical conditions, the Court denies the requests for injunctive relief at Requests 2, 3, and 4.

## IV.    CONCLUSION

Accordingly, Plaintiff's motions for immediate preliminary injunctive relief are **denied**.

.

**SO ORDERED.**

Hartford, Connecticut
January 8, 2025

 /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge