UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ x
RAYMOND J. CERILLI,                                          :
                                                             :
                  Plaintiff,      :
                                                             :  **ORDER GRANTING**
     -against-                                             :  **MOTION TO DISMISS**
                                                             :
ANGEL QUIROS, et al.,                                        :  24-CV-1163 (VDO)
                                                             :
                  Defendants.     :
------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

This suit concerns alleged deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. Now before the Court is Defendants' motion to dismiss for failure to state to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is **granted** and the Complaint is dismissed with prejudice.

**I.    BACKGROUND**

    **A.    Factual Background**

Plaintiff Raymond J. Cerilli, a sentenced inmate incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case *pro se* pursuant to 42 U.S.C. § 1983 against ten defendants, Commissioner Angel Quiros, Dr. Richard Williams, Nurse Jane Doe, Dr. James Smith, Dr. Freston, Nurse Jane Doe, Nurse Taksha West, Grievance Coordinator Dab Cruz, Colleen Gallagher, and Dr. H. Fedus. Plaintiff alleges that Defendants are deliberately indifferent to his various medical needs in violation of the Eighth Amendment. (Compl., ECF No. 1.) Plaintiff identifies several medical issues. He alleges that he experiences severe pain, requires a medically prescribed CPAP machine to breathe, and has a large painful lump on his

right side. (*Id.* ¶¶ 4–5, 8–9.) Plaintiff allegedly bleeds "all over his body," a condition that has been successfully addressed with Halog cream. (*Id.* ¶ 9.) However, Defendants have discontinued the cream and provided a generic substitute to which Plaintiff alleges he is allergic, and which does not work. (*Id.*) Plaintiff also alleges that he is denied proper footwear and his prescription eyeglasses. (*Id.* ¶¶ 9–10.)

On April 10, 2023, at approximately 5:30 p.m., the two Jane Doe nurses saw Plaintiff on emergency sick call and would not send Plaintiff to the hospital. (*Id.* ¶ 2.) Plaintiff was on the floor in severe pain but the nurses "were acting like it was really funny." (*Id.* ¶ 4.) Plaintiff requested that these two nurses appear in state court at a trial on this issue, but the Department of Correction sent Nurse Taksha West instead. (*Id*. ¶¶ 3-4.)

After suffering in his cell in severe pain for two days, Plaintiff was seen by Dr. Williams. (*Id.* ¶ 5.) Plaintiff showed Dr. Williams a lump on his right side and requested an MRI. *Id.* Dr. Williams denied the MRI and ordered x-rays but provided no other treatment. (*Id.*)

"The blond nurse" did blood tests but did not address the blood in his urine or his pain. (*Id.* ¶ 6.) Plaintiff alleges that he filed an emergency habeas corpus action in state court, but Dr. Williams covered up Plaintiff's injury which Plaintiff attributes to "metformin diabetic drugs." (*Id.* ¶ 7.)

Plaintiff has been denied a C-PAP machine ordered by a doctor at UConn Health Center. (*Id.* ¶ 8.) Dr. Freston has not addressed Plaintiff's issues including "wrong MRI," and discontinuance of Halog cream. (*Id.* ¶ 9.) Plaintiff alleges that he bleeds from "all over [his] body." (*Id.*) Plaintiff does not believe Dr. Freston's statement that the Department of Correction

2

can no longer get Halog cream, the only cream that effectively treats his bleeding condition. (*Id.*)

Dr. Smith, the ophthalmologist, does not give Plaintiff the correct eyeglasses, ones tinted to black out the sun. (*Id.* ¶ 10.) Plaintiff has been unable to go outside for three years because the sun burns his eyes and causes pain. (*Id.* ¶ 11.) Plaintiff alleges that his problems with light are the result of a prior brain injury. (*Id.*)

Plaintiff requires oxycontin for his pain. (*Id.* ¶ 12.) He is unable to sleep and "failed" his MRI because of the pain. (*Id.*) In addition, he contends that the MRI was not an "open MRI"; he had a panic attack because he was "closed in to the top." (*Id.* ¶ 13.)

The podiatrist, Dr. Feder, refused to allow Plaintiff to "get footwear from the street" even though the Department of Correction did not have his size and he had prior approval. (*Id.* ¶ 14.)

Finally, Plaintiff alleges that his blood tests show no vitamins in his blood, a fact he attributes to a lack of vitamins in the food. (*Id.* ¶ 15.) Plaintiff also contends that he is allergic to generic medications. (*Id.*)

### B. Procedural Background

#### 1. Habeas Action[1]

Plaintiff previously filed an emergency habus corpus petition in state court, which resulted in a trial. (*Id.* ¶ 7; *id.* at 8.) In March 2023, Plaintiff initiated a habeas action in the Superior Court for the Judicial District of Tolland. See *Cerilli v. Comm'r of Correction*, No. TSR-CV23-5001426-S (Conn. Super. Ct.) (hereinafter, the "Habeas Action"). In that petition, Plaintiff alleged that his Department of Correction ("DOC") medical providers had been deliberately indifferent to his serious medical needs. (Habeas Action at Doc. No. 100.30; ECF No. 95-2, at 5.) On September 8, 2023, Plaintiff filed an amended petition for a writ of habeas corpus. (Habeas Action at Doc. No. 114.00; ECF No. 95-3.)

On April 4, 2024, the state court held an evidentiary trial. (Habeas Action at Doc. No. 197.00.) Following the trial, on May 22, 2024, the state court issued a memorandum of decision denying Plaintiff's petition for a writ of habeas corpus, finding that "it is clear from the evidence that DOC has provided medical care in keeping with the eighth amendment, and the petitioner has failed to prove that DOC acted with deliberate indifference to his medical issues." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 8.) On that date, the state court entered judgment

---

[1] The Court may take judicial notice of actions and proceedings in other courts to establish the fact of such litigation and related filings. *Massie v. Wells Fargo Bank, N.A.*, 734 F. Supp.3d 196, 198 n.1 (D. Conn. 2024) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

denying the petition for a writ of habeas corpus. (Habeas Action at Doc. No. 204.00; ECF No. 95-6, at 8.)

### 2. Instant Action

On July 8, 2024, Plaintiff filed the Complaint in this action. (ECF No. 1.) Also in July 2024, Plaintiff filed three motions for preliminary injunctive relief. (ECF Nos. 20, 25–26.) On August 13, 2024, the Court issued an initial review order pursuant to 28 U.S.C. § 1915A, dismissing the claims against Quiros, Cruz, Gallagher, and West as well as the claims for injunctive relief against all defendants in their individual capacities. (ECF No. 27, at 10.) The Court noted that the case will "proceed against Defendants Williams, the nurses Doe, Smith, Freston, and Fedus in their individual capacities on Plaintiff's claims for damages and against Defendants Freston, Smith, and Fedus in their official capacities on his requests for injunctive relief." (*Id.*)

Plaintiff has since filed multiple requests for injunctive relief. (ECF Nos. 36, 43, 55–56, 70.) Defendants moved to revoke Plaintiff's *in forma pauperis* status, which the Court denied on November 13, 2024. (ECF Nos. 62, 86.) In that order, the Court directed Defendants to file their opposition to Plaintiff's motions for preliminary injunctive relief and to file their response to the Complaint. (ECF No. 86, at 4.)

On December 13, 2024, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and an objection to Plaintiff's motions for preliminary injunctive relief. (ECF Nos. 95–96.) On January 8, 2025, after finding that the disputed facts are amenable to complete resolution on a paper record, the Court concluded that Plaintiff failed to establish preliminary injunctive relief was warranted and denied the motions. (ECF No. 104.)

## II. LEGAL STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal citation omitted). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

Documents filed *pro se* must be liberally construed and interpreted "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citation and quotation marks omitted).

### III. DISCUSSION

Defendants move for dismissal of Plaintiff's claims on the ground that they are precluded by the doctrine of collateral estoppel, predicated on the prior habeas action filed in Connecticut Superior Court. The Court agrees with Defendants.

Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). Under Connecticut law, "[a]n issue decided against a party in a prior proceeding may not be relitigated if: (1) it was 'fully and fairly litigated in the first action'; (2) it was 'actually decided'; and (3) the decision was 'necessary to the judgment.'" *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (quoting *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 15 A.3d 601 (Conn. 2011)). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly

rendered." *Solon v. Slater*, 287 A.3d 574, 586–87 (Conn. 2023). Connecticut has "abandon[ed] the 'mutuality of parties' rule, which held that both parties in a subsequent litigation needed to be the same as, or in privity with, the parties in a prior litigation in order for collateral estoppel to apply." *Trikona Advisers Ltd.*, 846 F.3d at 34.

The present action involves identical claims fully and fairly litigated and actually determined in his state habeas action and for which final judgment entered. The record before the Court conclusively shows that whether DOC officials were deliberately indifferent to Plaintiff's serious medical needs—including, for example, claims regarding footwear, eyeglasses, the lump on Plaintiff's abdomen, leg swelling, allergic reactions to medication, and the denial of Halog cream and a CPAP machine—were actually determined in Plaintiff's state habeas action. During the evidentiary trial in that action, the state court had Plaintiff specify the grounds for which he believed he had received deficient medical care. (Habeas Action Tr., ECF No. 95-5 at 5 ("The Court: So, one of the things I wanted to also tackle before we start the trial today, Mr. Cerilli, is if you could just try to state briefly for me what your allegations are, what the counts are in your petition").) Plaintiff referenced the identical claims he has pursued in this action, including his placement on generic medications (such as oxycodone), as well as his alleged need for (1) tinted glasses, (2) a CPAP machine, (3) Halog cream to address his bleeding, (4) special footwear, and (5) an MRI for a lump on his right side. (*Id.* at 6-10.) After considering testimony from Plaintiff, other witnesses, and his medical records, the state court found that Plaintiff's claims "that he had been given generic medications that he is allergic to, has been denied specific cream that he prefers for an on-going skin condition, has been denied medically necessary footwear, and has been denied glasses with a tint greater than 40%" were

"not sufficiently serious for eighth amendment purposes." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 7.) In finding that Plaintiff failed to prove that the DOC acted with deliberate indifferent to his medical issues, the state court summarized the testimony of witnesses and noted that Plaintiff's "abdominal bulge was addressed by a doctor and was not determined to be pathological in nature," that Plaintiff was receiving steroid cream that is more potent than the Halog brand that he prefers, and that a medical provider testified that Plaintiff's medical needs "are all being adequately addressed." (Habeas Action at Doc. No. 203.00; ECF No. 95-6, at 7-8.) The state court necessarily found, after reviewing ample evidence, that Plaintiff failed to show a violation of the Eighth Amendment, either because the evidence did not show that his alleged medical conditions were severe or that his medical providers were, in any way, deliberately indifferent to his genuine medical needs. There is no dispute that Plaintiff was able to present evidence and proffer testimony at trial. Judgment could not have been entered without the state court finding against Plaintiff as to each of the alleged medical issues present here. Collateral estoppel therefore bars the plaintiff from relitigating the constitutionality of the medical care he is challenging in this matter, even under a liberal construction of the Complaint. *See, e.g., Zafrin v. Dep't of Correction*, No. 22-cv-1339 (KAD), 2023 WL 8653940, at *4-*5 (D. Conn. Dec. 14, 2023).

## IV.   CONCLUSION

Accordingly, Defendants' motion to dismiss is **granted**. Leave to amend is denied as futile as there is no possibility that an amended complaint would succeed in stating a claim where, as here, collateral estoppel applies. The Complaint is dismissed with prejudice and the Clerk of Court is directed to enter judgment and close this action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and

9

therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to serve a copy of this Order and the judgment on Plaintiff.

.

**SO ORDERED.**

Hartford, Connecticut
March 2, 2025

                                             /s/Vernon D. Oliver
                                           VERNON D. OLIVER
                                           United States District Judge